# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | * | |
| v. | * | CRIMINAL NO. JKB-16-0363 |
| **GERALD THOMAS JOHNSON,** et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

The Court held a motions hearing in this case on November 3, 2017, to address the admissibility of audio and video recordings that allegedly captured two of the defendants, Marquise McCants and Norman Handy, engaged in conversation in a multi-purpose room in the Chesapeake Detention Facility on September 25 and 26, 2017. All of the defendants object to the admission of this evidence on the grounds that it is hearsay. Specifically, the defendants contend that the statements do not constitute coconspirator statements under Federal Rule of Evidence 801(d)(2)(E). Additionally, they argue that even if the statements are admissible under Rule 801(d)(2)(E) they still should not be admitted because any minimal probative value they have is significantly outweighed by unfair prejudice. *See* Fed. R. Evid. 403. Having considered the parties' briefs and their arguments at the above referenced hearing, the Court finds that the recordings from both days are admissible in their entirety against all defendants proceeding to trial in the case as coconspirator statements under Federal Rule of Evidence 801(d)(2)(E). Additionally, the Court rejects defendants' Rule 403 arguments. The Court explicitly incorporates herein its reasoning as articulated during the extensive colloquy with counsel during the hearing on November 3, 2017.

"To admit testimony under [Rule 801(d)(2)(E)], a court must conclude (1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought and (2) that the statements at issue were made during the course of and in furtherance of that conspiracy." *United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006); *see* Fed. R. Evid. 801(d)(2)(E). "The government must establish these elements by a preponderance of the evidence." *United States v. Neal*, 78 F.3d 901, 905 (4th Cir. 1996). The Court finds by a preponderance of the evidence that the recorded statements at issue were made during and in furtherance of the conspiracy, as it is alleged in the indictment, because the statements were intended to "provide reassurance" and "maintain trust and cohesiveness" among the coconspirators. *United States v. Gupta*, 747 F.3d 111, 124 (2d Cir. 2014). A critical component of the alleged conspiracy is that members of the BGF Greenmount regime committed to abide by certain governing principles, including rules prohibiting "cooperating with law enforcement," "snitching," and "revealing the secrets of the gang." (ECF No. 260, Second Superseding Indictment at 3.) Moreover, the indictment alleges that the BGF is an established prison gang whose members continued to act in furtherance of the organization while they are incarcerated. (*Id.* at 2–9.) In short, the Court concludes that a significant aspect of the conspiracy—i.e., mutual preservation through allegiance to the BGF organization and its anti-cooperation policies—was still ongoing at the time of the recorded conversations and that the statements made by the defendants were intended to reassure the participants and others of their continued solidarity in furtherance of the conspiracy. Accordingly, the recorded statements are admissible against all codefendants pursuant to Rule 801(d)(2)(E).

The Court may still exclude otherwise relevant and admissible evidence "if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the

issues, [or] misleading the jury." Fed. R. Evid. 403. Here, no such danger exists. The Second Superseding Indictment alleges over one-hundred overt acts that the defendants took in furtherance of the charged conspiracy, including multiple murders and attempted murders over a twelve-year period. The recorded statements, which describe both charged and uncharged conduct (including a murder), are not unfairly prejudicial or likely to confuse the jury given the significant volume of other evidence that is similar in kind. Accordingly, the evidence is admissible.

The Court's ruling, however, is subject to two important limitations. First, admission of the recorded statements is conditioned on the Government's ability to prove by a preponderance of the evidence at trial that the defendants were in fact members of the charged conspiracy. *See, e.g.*, *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992); *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983) ("[A] trial judge retains the option to admit conditionally the declarations of co-conspirators before the conspiracy has been independently established, subject to the subsequent fulfillment of that factual predicate."). Second, the Government shall excise from the audio and video recordings and any accompanying transcripts all references to Wesley Brown's purported consideration and negotiation of a plea agreement.

Accordingly, upon the foregoing, and upon the reasoning articulated by the Court during the hearing on November 3, 2017, IT IS HEREBY ORDERED that the Government's Motion in Limine to Admit CDF Recordings (ECF No. 379) is CONDITIONALLY GRANTED. The Government SHALL EXCISE all references to Wesley Brown's purported consideration and negotiation of a plea agreement before offering the evidence at issue. Defendants' motions in limine to preclude the same evidence (ECF Nos. 345, 378, 380, & 381) are DENIED.

DATED this 6th day of November, 2017.

                                          BY THE COURT:

                                          /s/
                                        James K. Bredar
                                        Chief Judge