# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. JKB-16-0363 |
| GERALD JOHNSON, et al., | * | |
| Defendants. | * | |

* * * * * * * * * * *

## MEMORANDUM AND ORDER

The Court previously denied Defendant Gerald Johnson's Motion in Limine to Exclude Rap Videos and Lyrics (ECF No. 336). In its order denying the motion, the Court instructed the Government to edit the videos so that only those portions in which Defendant Johnson is the primary speaker/lyricist remain. The Court, however, left open the possibility that the Government could seek to admit at trial the entire video titled "Welcome Home Gzy pt. 1," if it was able to establish a sufficient foundation to show that the video, as a whole, was adopted and/or authored by Defendant Johnson such that the video itself qualified as his statement. Now pending before the Court is the Government's attempt to do just that. (ECF No. 400, Government's Motion In Limine To Admit "Welcome Home Gzy" Rap Video In Its Entirety At Trial). The issues have been briefed (ECF Nos. 400 & 401), and no hearing is required, Local Rule 105.6 (D. Md. 2016). For the reasons explained below, the Government's motion will be DENIED.

The Government contends that the video is admissible in its entirety under Federal Rule of Evidence 801(d)(2)(B), which provides that an out of court statement is admissible against an opposing party if it is "one the party manifested that it adopted or believed to be true." This rule

is often invoked to show that a party adopted a statement of another through his silence. *See, e.g.*, *United States v. Robinson*, 275 F.3d 371, 383 (4th Cir. 2001) ("When a statement is offered as an adoptive admission, the primary inquiry is whether the statement was such that, under the circumstances, an innocent defendant would normally be induced to respond, and whether there are sufficient foundational facts from which the jury could infer that the defendant heard, understood, and acquiesced in the statement."). Here, however, the Government contends that Defendant Johnson "adopted all of the statements in the video as his own" when he posted the video on an Instagram account allegedly belonging to him, along with the comment, "Tha video up nicca! they welcomed me home like it was 88 [emojis]. Real luv never fails . . . ." (ECF No. 400.) The Government provides no support for its expansive interpretation of Rule 801(d)(2)(B).

The Government's theory is untenable. Every day millions of individuals post the statements of others—in video, audio, and written form—to their own social media accounts. One need not look far to find examples where such actions do not constitute an endorsement of the statement, let alone a full-fledged adoption of the statement sufficient to justify its admission at trial against the individual who posted it. The Government makes no attempt to provide any principled basis on which the Court could or should distinguish this video from the countless others posted every day to social media that cannot reasonably be attributed as the statement of the poster. Nor is there any indication from the message allegedly posted by Defendant Johnson that he authored or adopted the video as a whole—including its production, effects, and the statements of others. In short, the Court is not convinced that Defendant Johnson adopted the video as a whole as his statement merely because he posted it to his Instagram account.

For the foregoing reasons, the Government's motion in limine (ECF No. 400) is DENIED.

DATED this 21st day of November, 2017.

                                        BY THE COURT:


                                        _____/s/_____
                                        James K. Bredar
                                        Chief Judge