IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. JKB-16-0363 |
| GERALD JOHNSON, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Gerald Johnson's motion for release pursuant to 18 U.S.C. § 3142. (ECF No. 900.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion is DENIED.

Johnson was indicted on July 13, 2016. (ECF No. 9.) On July 21, 2016, then-Magistrate Judge Stephanie Gallagher held a detention hearing pursuant to 18 U.S.C. § 3142 and ordered Johnson detained pending trial based on the finding that he represented a risk to community safety and a flight risk. (ECF Nos. 14, 18.) Johnson moved for review under 18 U.S.C. § 3145 (ECF No. 19), and following a hearing held on July 28, 2016, this Court upheld the order of detention. (ECF No. 22).

In late 2017 and early 2018, the Court presided over the 10-week jury trial of Johnson and co-defendants. The evidence presented at trial established that Johnson was the leader of the Black Guerilla Family's Greenmount Avenue Regime; that he personally authorized two murders; and that he dealt drugs and intimidated witnesses for over a decade. At the conclusion of the trial, a jury convicted Johnson of racketeering conspiracy, conspiracy to distribute controlled substances, murder in aid of racketeering and conspiracy to commit that offense, and possession of ammunition

by a felon. (ECF No. 535.) The Court sentenced Johnson to life imprisonment on April 30, 2018. (ECF No. 643.)

On May 15, 2020, the United States Court of Appeals for the Fourth Circuit vacated the conviction, finding that the Court should have conducted an evidentiary hearing to determine whether an alleged interaction between the Defendants' family members and members of the jury compromised the jury's impartiality. (ECF Nos. 876, 877.) The Fourth Circuit instructed the Court to hold such an evidentiary hearing to determine whether a new trial is necessary. (*Id.*) Following a teleconference with the Government and defense counsel, the Court set in a briefing schedule and evidentiary hearing. (ECF Nos. 879, 897.)

Subsequently, Johnson made the pending motion for release to home confinement. (ECF No. 900.) Citing the COVID-19 pandemic, Johnson argued that the danger posed by the virus justifies his release. (*Id.*) The Government opposed the motion, arguing that Johnson still represents a grave danger to the community, and that cause does not exist for the Court to reopen the detention hearing and reconsider its determination under 18 U.S.C. § 3142(f). (ECF No. 905.)

The Court finds that cause does not exist to reopen the detention hearing and therefore denies Johnson's motion. 18 U.S.C. § 3142(f) establishes that a district court may reopen a detention hearing: "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Johnson argues that the existence of the COVID-19 pandemic constitutes information "that was not known to the movant at the time of the [July 2016] hearing" and that the Court should reopen his detention hearing in light of the pandemic. *Id.* However, though the pandemic is certainly a notable development, it does not have "a material

bearing on the issue whether there are conditions of release that will reasonably assure" Johnson's appearance and protect the community. *Id.* As the Court explained at sentencing, the evidence presented at trial convinced the Court that Johnson "poses a grave danger, perhaps the greatest danger of any defendant that the Court has ever sentenced." (Sentencing Tr. at 49:17–19, ECF No. 787.) Because the pandemic does not provide the Court any reason to question this determination, the Court declines to reopen Johnson's detention hearing under 18 U.S.C. § 3142(f). Johnson shall remain detained pending the proceeding(s) ordered by the Fourth Circuit.[1]

DATED this 7 day of December, 2020.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge

---

[1] The Court notes that though Johnson styles his motion as a request under 18 U.S.C. § 3142, given the unique procedural posture of this case, there is an argument that the motion should be analyzed under 18 U.S.C. § 3143. Regardless, the Court would also deny release under the § 3143 standard, for the same reasons.