IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-16-0363** |
| **GERALD THOMAS JOHNSON**, *et al.*, | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Before the Court is Defendants' Joint Motion for Reconsideration (ECF No. 1005) of the Court's Order finalizing the questions to be posed to the former jurors at the *Remmer* hearing beginning on May 10, 2021. (ECF No. 998.) This motion puts forward additional reasons that the Court should adopt several of the substantive modifications to those questions that were initially proposed by Defendants. (*See* ECF No. 989.) Having considered Defendants' additional briefing, the Court remains convinced that the current list of *initial* questions to the former jurors should remain unmodified. This conclusion is without prejudice to Defendants' opportunity, repeatedly stated, to propose these questions (and others) as follow-up questions to the former jurors that the Court may or may not ask.[1] (*See, e.g.*, ECF No. 998 at 17–18.) The Court will take into account the additional bases for potential inquiries put forward in the instant motion in ruling on juror-specific follow-up questions.

---

[1] The opportunity for follow-ups does not resolve Defendants' objection to the Court's Question 3, where Defendants continue to insist that the former jurors should not be reminded of exactly what they were told by the Court on January 10, 2018. (ECF No. 1005 at 4–5.) Upon reconsideration, the Court continues to conclude that the former jurors should be reminded that they were provided with a curative instruction following the events of January 9, 2018. Despite Defendants' objection, the Court also continues to conclude that the Court should not supplement the verbatim curative instruction provided to the former jurors with information unavailable to them at the time. (*See id.* at 5 (positing that "the jurors should not be reminded of the 'investigation' at all. And if they are so 'reminded,' they should be reminded accurately, with information regarding that investigation's flaws.").)

Accordingly, Defendants' Motion is DENIED insofar as it seeks modification of the initial questions to be posed to the former jurors. This denial is without prejudice as to whether those questions may be proposed by either party as potential follow-up questions to be asked by the Court.

DATED this 9 day of May, 2021.

BY THE COURT:

/s/ JAMES K. BREDAR
James K. Bredar
Chief Judge